# Silverman v. Safety Mutual Fire Insurance Company, Appellant.

*Insurance—Fire insurance—Evidence—Proof of damages—Question for jury.*

In an action upon a policy of fire insurance where the only question is the amount of the loss, and there is sufficient evidence produced by the plaintiff to show the extent of his loss, and this evidence is not contradicted, the case is for the jury, and a judgment and verdict for plaintiff will be sustained.

Argued Oct. 19, 1910. Appeal, No. 32, Oct. T., 1910, by defendant, from judgment of C. P. No. 4, Phila. Co., Sept. T., 1907, No. 610, on verdict for plaintiff in case of Morris Silverman v. The Safety Mutual Fire Insurance Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit on a policy of fire insurance. Before AUDEN-RIED, J.

At the trial the plaintiff claimed $1,000 for a loss occurring by the burning of his stock of goods. He introduced evidence as to the value of the goods based on estimates made by himself and others, and by bills and books of account.

The defendant introduced no testimony.

Verdict and judgment for plaintiff for $1,153.33. Defendant appealed.

*Errors assigned* were various portions of charge and answers to points.

*B. I. DeYoung*, for appellant.

*Henry N. Wessel*, with him *Alfred Aarons*, for appellee.

OPINION BY ORLADY, J., December 12, 1910:

The only exceptions taken in the trial below, were to the answers to the eleventh and sixteenth points presented by the defendant's counsel, which were in effect, that under the pleadings and evidence the verdict must be for the defendant. The charge of the court was so fair and adequate that no exception was taken to it, and the main contention was in regard to the sufficiency of the evidence to establish the amount of the plaintiff's loss.

No exception was taken to the admission of evidence and it is not necessary for us to analyze the testimony as there was sufficient competent evidence to require the court to submit the case to the jury, and it was their exclusive province to pass upon the credibility of witnesses, weigh the evidence and ascertain the facts. A subsequent examination of the record induced the trial judge to dismiss a motion for a new trial and overrule a motion for a judgment non obstante veredicto, and to this action no exception was taken.

The judgment is affirmed.